**Edward A. WAGNER, Jr., Petitioner,**

v.

**W. B. ARDERY, Judge, Woodford Circuit Court, Respondent.**

Court of Appeals of Kentucky.

April 24, 1964.

Edward A. Wagner, Jr., pro se.

Robert F. Matthews, Atty. Gen., Frankfort, for respondent.

STEWART, Judge.

Petitioner, Edward A. Wagner, Jr., is a prisoner at Eddyville. In March, 1962, he was convicted on a charge of rape in the Woodford Circuit Court and sentenced to life imprisonment. He appealed. The judgment was reversed by a memorandum opinion dated October 12, 1962, and the case was remanded for a new trial.

Petitioner's former attorney, Ted Marye, thereafter wrote him he could no longer represent him without compensation and that he was to have a new trial at the March 1963 term of the Woodford Circuit Court. Petitioner alerted his witnesses, and some had to travel from Louisville and others who had to arrange for time off from work or for baby-sitters, but he heard nothing from the trial court. Petitioner then filed a motion for a quick and speedy trial, which was received by the Woodford Circuit Court Clerk, but no action was taken at the March term.

In April, 1963, the reformatory chaplain sent a letter to the Court of Appeals, who referred the matter to the Attorney General, and he advised the chaplain counsel had been newly appointed for petitioner and that a trial was set for the September 1963 term.

In September, 1963, petitioner was removed to the Woodford County jail and his witnesses were present for the trial. However, petitioner never left the jail, and his case was continued at the request of the Commonwealth's attorney to the November 1963 term. His counsel told him, if this happened again, he would move for imme-

diate trial or dismissal. Petitioner was returned to Eddyville.

On November 22, 1963, petitioner was again removed to the Woodford County for trial. He did not see his defense counsel. He was brought before the trial court and told that he was being transferred to Eastern State Hospital for 35 days. Petitioner did not object to this. The trial court also told him he would be returned in March, 1964, for trial. Petitioner went to the hospital and was then sent back to Eddyville, awaiting the call to the March 1964 term of court.

He wrote his counsel to ask what preparations were being made for the trial. His counsel responded that he was surprised petitioner was still in the penitentiary, as it was his understanding his transfer to the hospital had concluded the case, and that both he and his court-appointed co-counsel were relieved of their obligation to represent petitioner. Petitioner has written to his counsel again but has received no reply; he has also written the Woodford Circuit Court Clerk but has received no response. He has not heard from the trial court during the March term. The next term of court is in September.

Petitioner claims that, as 17 months have passed since the Court of Appeals reversed and remanded his case, he has been deprived of his constitutional rights to a quick and speedy trial and of equal protection of the law. He denounces the fact that no one will tell him anything about the present status of his case. He complains of the inconvenience to his witnesses. He also states that the suspense is causing him mental anguish, worry, fear and anxiety.

He asks that the judge of the Woodford Circuit Court grant him a prompt trial of the case or direct a dismissal of the indictment. Respondent has not answered this petition.

Under the facts presented, we conclude petitioner's substantial rights have been violated because he has not been afforded a speedy trial, as required by Section 11 of the Constitution of Kentucky :

Wherefore, the judge of the Woodford Circuit Court is ordered to grant petitioner a prompt trial, upon due notice, and, if he does not have adequate counsel, to appoint a competent and experienced attorney to represent him throughout this proceeding. In the alternative, if petitioner is not given a prompt trial, the indictment now pending against him is directed to be dismissed.